**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP. and PUERTAS Y VENTANAS, JM, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant.* | Court No. 22-00075 |

**COMPLAINT**

Plaintiffs, Industrias Feliciano Aluminum, Inc., JL Trading Corp. and Puertas y Ventanas, JM. Inc., by and through their attorneys, allege and state as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. This action seeks judicial review of the final results of the U.S. Department of Commerce's ("Commerce") administrative review of the antidumping order on aluminum extrusions from the People's Republic of China. The contested decision was issued on February 2, 2022 and published in the Federal Register on February 8, 2022. *Aluminum Extrusions from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2019-2020*, 87 Fed. Reg. 7098 (Dep't of Commerce, February 8, 2022)("Final Results"); *see* Memorandum from James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations to Lisa W. Wang, Assistant Secretary for Enforcement and Compliance re: *Issues and Decision Memorandum for Final Results of Antidumping Duty Administrative Review: Aluminum Extrusions from the People's Republic of China, 2019-2020*

1

(February 2, 2022)("I&D Memorandum," cited in 87 Fed. Reg. at 7098 n. 8). The challenged review covered entries from May 1, 2019 to April 30, 2020.

## JURISDICTION

2.  Plaintiffs bring this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii), 19 U.S.C. §§1516a(a)(2)(A)(i)(I) and (B)(iii).

3.  This Court has jurisdiction pursuant to 28 U.S.C. §1581(c) and 19 U.S.C. §1516a(a)(2).

## STANDARD OF REVIEW

4.  The standard of review, as set forth in 19 U.S.C.§1516a(b)(1), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING

5.  Plaintiffs purchased and imported the merchandise the subject of this action from Kingtom Aluminio SRL in the Dominican Republic. They were parties to the proceeding that led to the contested determination and are interested parties pursuant to 19 U.S.C. §1677(9)(A) and participated though written argument. Thus, plaintiffs have standing to bring this action under 28 U.S.C. §2631(c).

## TIMELINESS OF ACTION

6.  Plaintiffs commenced this action by filing a Summons on March 10, 2022, within 30 days after Commerce's publication in the Federal Register of the final results being challenged herein. Plaintiffs file this Complaint within 30 days of their filing the Summons. The Summons

and Complaint are, therefore, timely filed pursuant to 19 U.S.C. §1516a(2) and USCIT Rules 3(a)(2) and 6(a).

7. Because Plaintiffs' Complaint is filed within the statutory prescribed time periods, this action is timely.

**STATEMENT OF FACTS**

8. On February 2, 2020, U.S. Customs and Border Protection ("CBP") notified certain importers of Kingtom's products that it had initiated an investigation pursuant to the Enforce and Protect Act ("EAPA") to determine whether the importers evaded antidumping duties imposed pursuant to the orders covering aluminum extrusions from the People's Republic of China ("EAPA Case No. 7348"). *See* Letter from the Aluminum Extrusions Fair Trade Committee to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Comments on Kingtom's Section A Questionnaire Response," at Attachment 1 (Jan. 7, 2021) (on record of Case No. A-570-967) ("Petitioner's Section A Comments"). At the time it notified the importers of EAPA Case No. 7348 on February 2, 2021 and without notice to Kingtom, or opportunity on the part of Kingtom or the importers to respond to allegations of evasion, CBP applied 86.01 percent antidumping duties retroactively on all unliquidated entries and required 86.01 percent antidumping duty cash deposits on all prospective entries of Kingtom's aluminum extrusions by the importers in that investigation. *Id.* Prior to February 2, 2020, neither Kingtom nor the importers had no notice of any EAPA investigation regarding Kingtom's products and had no reason to have entries of its aluminum extrusions be declared as type 3 subject merchandise. Also, at the time, there had been no final affirmative determinations that any Kingtom aluminum extrusions were transshipped from China. CBP requested information from Kingtom in EAPA Case No. 7348, but Kingtom was not permitted to submit written arguments in that case because,

unlike the importers under investigation, Kingtom was not a party to that proceeding. *Id.*; *see also* 19 C.F.R. § 165.1 (defining "parties to the {EAPA} investigation").

9. On May 4, 2020, CBP notified certain other importers, including Plaintiffs, that it had initiated another EAPA investigation ("EAPA Case No. 7423") regarding other Kingtom's aluminum extrusions, and applied antidumping duties to all such entries by the importers without any notice to Kingtom or prior notice to the importers. *See* Letter from the Aluminum Extrusions Fair Trade Committee to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Kingtom's Non-Market Economy Producer Status," at Exhibit 1 (May 5, 2021) (on record of Case No. A-570-967) ("Petitioner's NME Comments"). No information was requested from Kingtom in EAPA Case No. 7423, and Kingtom was not permitted to submit written arguments on the record of that case because, unlike the investigated importers, it was not a party to the investigation. *See id.*

10. Because its merchandise may have been found by CBP to be covered merchandise subject to the antidumping duty order on *Aluminum Extrusions from China*, on May 29, 2020, Kingtom requested that Commerce conduct an administrative review for products exported by Kingtom. *See* Letter from Sandler, Travis and Rosenberg, P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, A-570-967: Request for Administrative Review" (May 29, 2020) ("Kingtom AD Review Request"). In its request for administrative review, Kingtom noted that it refuted the alleged evasion and requested that Commerce postpone the review of Kingtom until a final decision had been made by CBP in the EAPA investigation. *Id.*

11. On July 10, 2020, Commerce initiated the 2019-2020 administrative review of the antidumping duty order on aluminum extrusions from the People's Republic of China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 41,540 (Dep't

Commerce July 10, 2020) ("*Initiation Notice*"). In its *Initiation Notice*, Commerce noted its intent to select mandatory respondents based on volume data contained in quantity and value ("Q&V") questionnaires. *Id.* at 41,541.

12. On August 10, 2020, Kingtom submitted a certification that it did not have entries, exports or sales of subject merchandise during the period of review, and requested that Commerce rescind the administrative review of Kingtom. Letter from Sandler, Travis and Rosenberg P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Certification of No Sales, Shipments, or Entries" (Aug. 10, 2020) (on record of Case No. A-570-967) ("Kingtom's No-Shipment Certification"). At the time of Kingtom's No-Shipment Certification, there was no affirmative determination that Kingtom had transshipped any Chinese-origin aluminum extrusions to the United States.

13. On August 14, 2020, Kingtom voluntarily submitted the quantity and value of the aluminum extrusions that it produced in and exported from the Dominican Republic in response to Commerce's Q&V questionnaire. Letter from Sandler, Travis and Rosenberg P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Quantity and Value Questionnaire," Attachment 1 (Aug. 14, 2020) (on record of Case No. A-570-967) ("Q&V Response"). The Q&V information that Kingtom reported covered all of Kingtom's sales to the United States, not just those subject to EAPA investigations. Importantly, Kingtom noted in its Q&V Response that it was reporting merchandise that it "manufactured and exported from the Dominican Republic." *Id.* Also, Kingtom again expressly refuted "all allegations that its merchandise is subject merchandise from China," but noted that it "is providing Commerce with this {Q&V} information to ensure compliance to the best of its abilities" because it is an exporter and producer of aluminum extrusions "that may be subject to this antidumping duty order" as it is

5

"currently subject to ongoing investigations by U.S. Customs and Border Protection regarding allegations of evasion." *Id.* at 2. At the time of Kingtom's AD Q&V Response, there had been no affirmative determination that Kingtom had transshipped any Chinese-origin aluminum extrusions to the United States.

14. On August 17, 2020, Kingtom submitted a separate rate application. Letter from Sandler, Travis and Rosenberg P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Separate Rate Application" (Aug. 17, 2020) (on record of Case No. A-570-967). In its separate rate application, Kingtom substantiated that it exports aluminum extrusions from the Dominican Republic by providing a certification from the Dominican customs authority and sample export documentation. *See* Kingtom's Separate Rate Application at Exhibit 10, Exhibit 11.

15. On October 26, 2020, Commerce selected Kingtom as the sole mandatory respondent for the administrative review. Memorandum from Mark Flessner, Int'l Trade Compliance Analyst for Antidumping and Countervailing Duty Operations Office VI to Dana S. Mermelstein, Director of Antidumping and Countervailing Duty Operations Office VI, "Aluminum Extrusions from the People's Republic of China 2019-2020 Administrative Review: Identification of Mandatory Respondent," at 4 (Dep't Commerce Oct. 26, 2020) (on record of Case No. A-570-967).

16. On November 2, 2020, CBP issued its initial "Determination as to Evasion" in EAPA Case No. 7348. *See* Petitioner's Section A Comments at Attachment 1. CBP found that record evidence supported that Kingtom produces aluminum extrusions in the Dominican Republic. *Id.* at Attachment 1 at 17. In its determination, CBP cited absolutely no evidence that any aluminum extrusion that Kingtom exported originated in China –no bills of lading, certificates

6

of origin, purchase data, import data, or otherwise. *Id.* Rather, CBP found that claimed differences between Kingtom's EAPA Case No. 7348 responses and the responses provided by the importers hindered CBP's ability to analyze Kingtom's operations. *Id.* Accordingly, CBP selected facts available with an adverse inference to determine that Kingtom transshipped commingled Chinese-origin aluminum extrusions to the United States, and thus found that the importers of its extrusions evaded duties. *Id.* The affirmative determination of evasion in EAPA Case No. 7348 was limited to the importers under investigation in that case, and no entries of Kingtom's aluminum extrusions by other importers. *Id.* ("CBP determines that substantial evidence exists demonstrating that the aluminum extrusions entered by the Importers during the POI were transshipped Chinese-origin aluminum extrusions."). Kingtom and the importers dispute the EAPA Case No. 7348 Determination as to Evasion and CBP's characterization of the record in that case. *See* Brief of Plaintiff-Intervenor Kingtom Aluminio S.R.L. in Support of Motion for Judgment on the Agency Record at 11-37, Brief of Plaintiffs *Global Aluminum Distributor LLC et al v. United States*, No. 21-00198 (Ct. Int'l Trade filed Feb. 14, 2022) currently before this Court. *Id.*

17. Commerce issued an initial questionnaire to Kingtom on November 4, 2020. Kingtom timely submitted Section A of its initial questionnaire response on December 10, 2020 and Sections C and D on December 31, 2020. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967: Section A Questionnaire Response" (Dec. 10, 2020); Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967: Sections C-D Questionnaire Response" (Dec. 31, 2020) ("Kingtom's Section C-D Response"). In its Section C initial questionnaire

response, Kingtom reported all of its sales of aluminum extrusions to the United States, including the importers from EAPA Case Nos. 7348 and 7423 and all of its other sales during the period of review. *See* Kingtom's Section C-D Response at Exhibit C-7. In its response, Kingtom stated:

> {Kingtom} *manufactured the aluminum extrusions in the Dominican Republic* ("DR") and exported the extrusions directly to the United States as export price ("EP") sales. Because production of the aluminum extrusions took place at Kingtom's factory in the DR from materials primarily from the DR and other market-economy countries, and very little material inputs sourced from China, Kingtom *contends that its exports of aluminum extrusions are not subject to the order on aluminum extrusions from China* and this administrative review is misplaced. Nevertheless, Kingtom provides the information requested by the Department, to the best of its ability, in response to the Department's questionnaire.

*Id.* at C-1 (emphasis added).

18. The Aluminum Extrusions Fair Trade Committee ("Petitioner") submitted comments on Kingtom's Sections C-D initial questionnaire response on January 21, 2021. *See* Letter from the Aluminum Extrusions Fair Trade Committee to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Kingtom's Sections C-D Questionnaire Responses" (January 21, 2021). Petitioner argued that the EAPA cases demonstrate that the origin of Kingtom's merchandise is China, not the Dominican Republic. *Id.* at 3-4.

19. Kingtom responded to Petitioner's comments on January 28, 2021. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967: Response to Petitioner's Comments on Kingtom's Section C-D Questionnaire Response" (January 28, 2021). Kingtom argued that the EAPA determination cites no affirmative evidence that any aluminum extrusion that Kingtom exported originated in China. *Id.* at 3-4. Kingtom also noted that as a result of the EAPA interim measures, the CBP data on the record of the administrative review "is not a reliable indicator of the country of origin of Kingtom's entries." *Id.* at 6. Commerce did not issue any supplemental questionnaire

to Kingtom in this proceeding.

20. Also on January 28, 2021, CBP issued its determination in EAPA Case No. 7423. Again, CBP found that "evidence on the record shows that while it was possible for Kingtom to produce aluminum extrusions in the Dominican Republic." Petitioner's NME Comments at Exhibit 1 at 17. CBP based the EAPA Case No. 7423 determination on the prior EAPA Case No. 7348 determination, and found that Kingtom transshipped commingled Chinese-origin aluminum extrusions to the investigated importers. *Id*. Again, CBP cited no affirmative evidence that Kingtom's aluminum extrusions were Chinese-origin. *Id.* The holding of EAPA Case No. 7423 is limited to the investigated importers, including Plaintiffs. *Id.* ("CBP determines that substantial evidence exists demonstrating that the aluminum extrusions entered by the Importers during the POI were transshipped Chinese-origin aluminum extrusions."). CBP issued its administrative review of the EAPA determination on June 4, 2020. That determination is also pending review by this Court, *H&E Home, Inc. and Classic Metals Suppliers et al v. United States*, Consol. Ct. No. 21-00337.

21. On January 28, 2021, Commerce requested comments on surrogate country selection and surrogate values. *See* Letter from Erin Kearney, Program Manager of AD/CVD Operations, Office VI to All Interested Parties, "Aluminum Extrusions from the People's Republic of China, 2019-20: Request for Economic Development, Surrogate Country, and Surrogate Value Comments and Information" (Dep't Commerce Jan. 28, 2021) (on record of Case No. A-570-967). Kingtom submitted comments on the List of Country at the Same Level of Economic Development on Feb. 4, 2021. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967: Kingtom Comments on the List of Countries at the Same Level of Economic Development" (Feb. 4, 2021). In its comments

on the List of Country at the Same Level of Economic Development, Kingtom again explained that it "does not export merchandise from a nonmarket economy. Kingtom maintains and the record demonstrates that Kingtom exports its products from the Dominican Republic, a market economy country." *Id.* at 2. Nevertheless, Kingtom provided the requested surrogate value information to Commerce on February 4 and March 5, 2021. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967: Kingtom Surrogate Country Comments" (Feb. 9, 2021); Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967: Kingtom Surrogate Value Comments" (March 5, 2021) ("Kingtom's Surrogate Value Comments"). In its surrogate value comments, Kingtom reiterated that:

> First, Kingtom does not export merchandise from a nonmarket economy. The record demonstrates that Kingtom is a market economy company operating and exporting from the Dominican Republic, a market economy country. Second, Kingtom's merchandise is not subject merchandise, i.e., *not subject to the aluminum extrusion antidumping order on China*. The record of this investigation demonstrates that Kingtom produced its aluminum extrusions in the Dominican Republic.

Kingtom's Surrogate Value Comments at 2 (emphasis added).

22.     In its comments on surrogate country selection, Petitioner argued that Commerce should "choose a surrogate country that is similarly situated" to the Dominican Republic. *See* Letter from the Aluminum Extrusions Fair Trade Committee to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China: Comments on Surrogate Country Selection," at 4 (Feb. 9, 2021) (on record of Case No. A-570-967). In rebuttal, Kingtom noted that Petitioner's request for Commerce to select a country "similar situated" to the Dominican Republic acknowledged that Kingtom actually produces aluminum extrusions in the Dominican Republic

and not China.  *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967: Kingtom Surrogate Country Rebuttal Comments," at 3 (Feb. 19, 2021).

23. On May 10, 2021, CBP notified Kingtom of yet another EAPA investigation into imports of Kingtom's aluminum extrusions.  *See* Letter from Victoria Cho, Acting Director of the Trade Remedy Law Enforcement Directorate Enforcement Operations Division, U.S. Customs and Border Protection to the Parties to the Investigation, "Notice of Initiation of Investigation and Interim Measures – EAPA Case 7550" (May 10, 2021).  CBP based its allegedly reasonable suspicion explicitly and primarily on its prior findings in EAPA Case No. 7348 and EAPA Case No. 7423, *Id.* at 7-8, but again cited no affirmative evidence that any of Kingtom's aluminum extrusions are Chinese-origin.

24. On June 8, 2021, Kingtom requested that Commerce issue a scope ruling as to whether the aluminum extrusions that Kingtom produces in and exports from the Dominican Republic were subject to the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China.  *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967 and C-570-968: Kingtom Scope Ruling Request" (June 8, 2021).  In its scope ruling request, Kingtom submitted a complete a certified list of its imports into the Dominican Republic free trade zone where it is located for the calendar years 2019 and 2020, which covered the period of review.  *Id.* at Exhibit 3.  The Dominican Republic customs authority compiled the list itself and certified its accuracy and completeness.  *Id.*  The customs data demonstrates that Kingtom did not import any aluminum

extrusions from any other country. *Id.* at 11, 15. Importantly, Kingtom expressly asked Commerce to conduct the scope inquiry in conjunction with the ongoing administrative review, and reconciled the data submitted in the scope request to the cost reconciliation that it provided in its section D initial questionnaire response. *Id.* at 2, Exhibit 11.

25. On July 30, 2021, Commerce determined that the EAPA determinations are "conclusive" as to Kingtom's entries "in the context of the administrative review." *See* Memorandum from Mark Flessner, Case Analyst, to The File, "Administrated Review of the Antidumping Duty Order on Aluminum Extrusions from the People's Republic of China, 2019-2020: Placement of Scope Initiation Deferral Letter on the Record" (Dep't Commerce July 30, 2021). Therefore, Commerce "deferred initiation of th{e} scope inquiry until such time as there are entries not subject to the EAPA proceedings or until the parties to the EAPA proceedings have exhausted all other administrative and legal remedies." Kingtom notes that it reported sales to importers other than those subject to any EAPA proceeding, as Kingtom reported all of its sales to the United States in its section C database. *See* Kingtom's Section C-D Response at Exhibit C-7. In other words, Commerce deferred initiation of the scope inquiry despite the fact that it was aware there are entries of Kingtom's merchandise that are not subject to any EAPA proceeding.

26. On August 6, 2021, Commerce published in the Federal Register a notice of the preliminary results. *See Aluminum Extrusions from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review and Rescission of Review, in Part; 2019-2020*, 86 FR 43168 (August 6, 2021) ("*Preliminary Results*"). In its *Preliminary Results*, Commerce denied Kingtom a separate rate and included it in the China-wide entity. Commerce preliminarily determined, based largely upon the CBP EAPA investigations and allegedly conflicting statements by Kingtom, that Kingtom exported subject aluminum extrusions from the Dominican Republic

12

that are Chinese in origin, and is therefore a third-country exporter and not eligible for a separate rate because Kingtom did not identify a Chinese exporter upon which Commerce could apply its non-market economy calculation methodology to calculate a dumping margin.

27. On September 7, 2021, Kingtom and Plaintiffs submitted case briefs addressing the *Preliminary Results* and Commerce's determination to include Kingtom in the China-wide entity. *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967, Case Brief of Kingtom Aluminio SRL ("Kingtom Case Brief") (Sept. 7, 2021); Letter from Sandler, Travis & Rosenberg, P.A. to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967," Case Brief of Plaintiffs Industrias Feliciano Aluminum, Inc., J.L Trading Corp., and Puertas y Ventanas, J.M., Inc. dated Sept. 7, 2021. In its case brief, Kingtom argued that by relying almost exclusively on the CBP EAPA determinations for its conclusions in the *Preliminary Results*, Commerce had abdicated its obligation to conduct this administrative review, resulting in a violation of due process and the substantial evidence standard. Kingtom additionally noted that Commerce's assertion that Kingtom made conflicting statements as to whether it had exports of subject merchandise was unsupported by substantial evidence. Plaintiffs adopted the arguments in Kingtom's case brief by reference and added that Commerce could not apply the non-final results of a decision by another agency on appeal to this Court to the administrative review, the subject of this action. On September 16, 2021, Petitioner submitted a rebuttal brief supporting Commerce's Preliminary Results determination.

28. On February 8, 2022, Commerce published the *Final Results*. *See Aluminum Extrusions from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2019-2020*, 87 FR 7,098 (February 8, 2022) ("*Final Results*") and

accompanying Issues and Decision Memorandum ("IDM").  In the *Final Results* Commerce maintained its determinations from the *Preliminary Results* and continued to include Kingtom in the China-wide entity.

29.  On February 8, 2022, since Commerce continued to find that its aluminum extrusions are within the scope of the Orders, Kingtom requested that Commerce implement a certification procedure pursuant to 19 C.F.R. § 351.228, whereby Kingtom and its U.S. customers, including Plaintiffs, may continue to prospectively import aluminum extrusions that it produces in and exports from the Dominican Republic without prohibitive antidumping and countervailing duty cash deposits, similar to those that Commerce routinely grants in anti-circumvention proceedings.  Kingtom submitted that a certification procedure is appropriate here because the facts of this case, including the EAPA determinations on which Commerce based its determinations, indisputably demonstrate that Kingtom produces at least some aluminum extrusions in, and exports them from, the Dominican Republic.  Kingtom Certification Request at 2-3; Petitioner's Entry Information Comments at Exhibit 1, Exhibit 3 ("Evidence on the record shows that Kingtom was able to produce aluminum extrusions in the Dominican Republic.")  Kingtom also explained that its business is overwhelmingly in the United States and that the combined antidumping and countervailing duties threaten Kingtom's solvency.  Kingtom Certification Request at 4-5.

30.  On February 24, 2022, Commerce rejected Kingtom's Certification Request as an untimely submission.  *See* Letter from Erin Kearney, Program Manager for AD/CVD Operations Office VI to Kingtom Aluminio SRL, "Administrative Review of the Antidumping Duty Order on Aluminum Extrusions from the People's Republic of China, 2019-2020: Rejection of Submission" (Dep't Commerce Feb. 24, 2022).

31. On February 28, 2022, Kingtom resubmitted its Certification Request onto the record of the scope proceeding. Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Aluminum Extrusions from the People's Republic of China, Case No. A-570-967 and C-570-968: Request for Certification Procedure Implementation," (Feb. 24, 2022). Kingtom notes that its Certification Request informed Commerce that there are entries of Kingtom's aluminum extrusions not covered by any EAPA investigation. Kingtom Certification Request at 3; *see also* Kingtom's CVD Q&V Response at Attachment I.

32. On March 3, 2022, Commerce deferred consideration of Kingtom's Certification Request "until such time as there are entries not subject to EAPA proceedings or until the parties to the EAPA proceedings have exhausted all other administrative and legal remedies." Memorandum from Mark Flessner, Int'l Trade Compliance Analyst for AD/CVD Operations Office VI to The File, "Aluminum Extrusions from the People's Republic of China: Request for Certification Process" (Dep't Commerce March 3, 2022).

## STATEMENT OF CLAIMS

33. Commerce's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law in the following respects:

## COUNT I

34. Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35. In its *Final Results*, Commerce made the determination that Kingtom had exports of subject merchandise based almost exclusively on CBP EAPA investigations, wherein CBP determined based on adverse facts available ("AFA") that Kingtom had exports of subject merchandise. *See* Final Results and Accompanying Issues and Decision Memorandum at

Comment 1.

36. Commerce's virtually complete reliance on the AFA CBP EAPA determinations is an abdication of its legal responsibility to conduct this administrative review. Commerce is legally obligated under the Statute to conduct administrative reviews of AD orders. Further, Commerce is obligated to make its determination based on the entirety of the record evidence of the administrative review. By making its determination based only on the CBP EAPA determinations while ignoring the vast majority of submitted evidence, Commerce's *Final Results* are unsupported by substantial record evidence and contrary to law.

## COUNT II

37. Paragraphs 1 through 36 of this Complaint are incorporated herein by reference.

38. Commerce's *Final Determination* that Kingtom had shipments of subject merchandise, based almost exclusively on the public versions of EAPA investigation determinations put on the record of this review, is a violation of due process. As described above, in its *Final Results*, Commerce relied almost completely on the CBP EAPA investigations. The sole evidence of the CBP EAPA investigations determinations put on the record of this review are public versions of the determinations. Neither Kingtom nor Kingtom's counsel were able to confront the evidence in its entirety, as critical data and other information upon which the EAPA determinations were based has been redacted from these public versions.

## COUNT III

39. Paragraphs 1 through 38 of this Complaint are incorporated herein by reference.

40. Commerce's virtually complete reliance on the AFA CBP EAPA determinations is a violation of the substantial evidence standard. The Act requires that Commerce's decisions must be supported by substantial evidence. *See* section 1516A(b)(1)(B)(i) of the Tariff Act of 1930.

This requires Commerce to evaluate fully all record evidence, including contradictory evidence. Because it made its *Final Determination* based almost exclusively on the CBP EAPA investigation determinations, and ignored the bulk of the evidence submitted by Kingtom and the importers, Commerce's determination was not supported by substantial evidence.

## COUNT IV

41. Paragraphs 1 through 40 of this Complaint are incorporated herein by reference.

42. Commerce's determination that Kingtom made conflicting statements as to whether or not it had exports of subject merchandise is not supported by substantial evidence. Commerce used this determination to support its determination to deny Kingtom a separate rate. Because the record evidence clearly demonstrates the Kingtom was consistent in it reporting on this issue, Commerce's determination is unsupported by substantial evidence.

## COUNT V

43. Paragraphs 1 through 42 of this Complaint are incorporated herein by reference.

44. Commerce's determination to deny Kingtom a separate rate, even if it did have exports of subject merchandise from China as a third-country exporter, is unsupported by substantial evidence and contrary to law. Commerce regularly gives separate rates to third country exporters and was required to do so in this administrative review when it made the determination that Kingtom had exports as a third-country exporter.

## COUNT VI

45. Paragraphs 1 through 44 of this Complaint are incorporated herein by reference.

46. Commerce's determination not to conduct the scope inquiry regarding Kingtom's aluminum extrusions in conjunction with this administrative review is unsupported by substantial evidence, an abuse of discretion, and otherwise not in accordance with law.

## COUNT VII

47. Paragraphs 1 through 46 of this Complaint are incorporated herein by reference.

48. Commerce's determinations to reject and defer Kingtom's Certification Requests are unsupported by substantial evidence, an abuse of discretion, and otherwise not in accordance with law.

## PRAYER FOR RELIEF

49. For the foregoing reasons, Plaintiff respectfully requests that this Court hold Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law. Plaintiff thus respectfully requests that this Court remand the *Final Results* to Commerce to correct the errors set forth in this Complaint and provide other such relief as this Court deems appropriate.

                      Respectfully Submitted,

                      /s/ Beth C. Ring
                      Beth C. Ring, Esq.
                      SANDLER TRAVIS & ROSENBERG, P.A.
                      675 Third Avenue, Suite 1805-06
                      New York, NY 10017
                      Tel: (212) 549-0133
                      Email: bring@strtrade.com

                      *Attorney for Plaintiffs Industrias Feliciano Aluminum, Inc., JL Trading Corp. and Puertas y Ventanas, J.M., Inc.*

Dated: April 8, 2022