Slip Op. 25-86

UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————— :
KINGTOM ALUMINIO S.R.L.,                          :
                                                  :
                        Plaintiff,                :
                                                  :
INDUSTRIAS FELICIANO ALUMINUM, INC.,              :
ET AL.,                                           :
                                                  :
              Consolidated Plaintiffs,            :
                                                  :
        and                                       :
                                                  :
HIALEAH ALUMINUM SUPPLY, INC.,                    :   Before: Richard K. Eaton, Judge
ET AL.,                                           :
                                                  :   Consol. Court No. 22-00072
              Plaintiff-Intervenors               :
                                                  :
        v.                                        :
                                                  :
UNITED STATES,                                    :
                                                  :
                        Defendant,                :
                                                  :
        and                                       :
                                                  :
THE ALUMINUM EXTRUSIONS FAIR TRADE                :
COMMITTEE,                                        :
                                                  :
              Defendant-Intervenor.               :
———————————————————————— :

## OPINION

[U.S. Department of Commerce's Final Results of Redetermination Pursuant to Court Remand are sustained.]

Dated: July 9, 2025

*Donald B. Cameron*, *Julie C. Mendoza*, *R. Will Planert*, *Brady W. Mills*, *Mary S. Hodgins*, *Eugene Degnan*, *Jordan L. Fleischer*, *Nicholas C. Duffey*, and *Ryan R. Migeed*, Morris, Manning & Martin, LLP, of Washington, D.C. for Plaintiff Kingtom Aluminio S.r.L.

*Sarah Sprinkle* and *William Marshall*, Sandler, Travis & Rosenberg, P.A., of Washington, D.C. for Consolidated Plaintiffs Industrias Feliciano Aluminum, Inc.; JL Trading Corp.; Puertas y Ventanas; and J.M., Inc.

*Augustus Golden*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant the United States. With him on the brief were *Yaakov M. Roth*, Acting Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of Counsel on the brief was *Benjamin Juvelier*, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

*Alan H. Price*, *Robert E. DeFrancesco, III*, *Elizabeth S. Lee*, *Paul A. Devamithran*, Wiley Rein LLP, of Washington, D.C. for Defendant-Intervenor The Aluminum Extrusions Fair Trade Committee.

Eaton, Judge: Before the court are the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (Mar. 4, 2025), ECF No. 50-1 ("Remand Results"). *See* Order (Nov. 6, 2024), ECF No. 49 (granting Commerce's unopposed motion for remand). The Remand Results are uncontested.

Because Commerce complied with the court's remand order and the Remand Results are supported by substantial evidence and otherwise in accordance with law, and there being no issue for the court to adjudicate, the Remand Results are sustained.

## BACKGROUND

An antidumping duty order on aluminum extrusions from the People's Republic of China has been in place since 2011. *See Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011) ("Antidumping Duty Order"). This case involves a challenge to final results of Commerce's 2019 administrative review of the Antidumping Duty Order, which covered the period of review from May 1, 2019, to April 30, 2020 ("POR"). *Aluminum Extrusions From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2019-2020*, 87 Fed. Reg. 7,098 (Dep't

Commerce Feb. 8, 2022) ("Final Results") and accompanying Issues and Decision Mem. (Feb. 2, 2022) ("Final IDM"), PR 167, ECF No. 24-2.

Plaintiff Kingtom Aluminio S.r.L. ("Kingtom") is a manufacturer of aluminum extrusions in the Dominican Republic. Compl. ¶ 4, ECF No. 8. During the administrative review, Kingtom submitted a statement of "no shipments" of subject merchandise into the United States during the POR. *See* Final IDM at 19.

In the Final Results, Commerce rejected Kingtom's "no shipment" claim based on a finding by U.S. Customs and Border Protection ("Customs"), in a separate proceeding, that Kingtom had violated the Enforce and Protect Act ("EAPA"). Final IDM at 8-9. Specifically, Customs found that Chinese-origin extrusions were transshipped through Kingtom's factory in the Dominican Republic, thereby evading antidumping duties, during a period that overlapped with the POR. *Id.* at 19-20. Based on its affirmative determination of evasion, Customs determined that it would change the categorization of Kingtom's entries of merchandise from type 01 (non-subject merchandise) to type 03 (subject merchandise). *See id.* at 9. Based on Customs' recategorization of Kingtom's entries, Commerce determined that the POR entries were subject to the Antidumping Duty Order and properly included in the 2019 administrative review. *Id.* at 19-20.

Then, Customs' affirmative evasion determination was challenged in this Court in two separate actions: *Global Aluminum Distributor LLC v. United States*, Consol. Court No. 21-00198 ("*Global Aluminum*") and *H&E Home, Inc. v. United States*, Consol. Court No. 21-00337 ("*H&E Home*"). Ultimately, on remand, Customs reversed its evasion finding with respect to Kingtom in both cases. This Court sustained Customs' negative evasion determinations.[1] *See Global*

_____

[1]         As summarized by Commerce in the Remand Results:

*Aluminum Distrib. LLC v. United States*, 46 CIT __, __, 585 F. Supp. 3d 1352, 1354-55 (2022);

*H&E Home, Inc. v. United States*, 48 CIT __, __, 714 F. Supp. 3d 1353, 1356 (2024).

    This case, contesting the Final Results of the 2019 administrative review of the Antidumping Duty Order, was stayed during the pendency of the EAPA cases, *Global Aluminum* and *H&E Home*.

    Following Customs' negative evasion determinations in *Global Aluminum* and *H&E Home*, Commerce filed an unopposed motion in this action asking the court to remand the Final Results so that Commerce could "revisit the record in light of remand results in *Global Aluminum* . . . and *H & E Home* . . . to determine whether further factual submissions are required, and to reevaluate Commerce's determination that certain merchandise is subject to the relevant antidumping order." Def.'s Unopposed Mot. Voluntary Remand at 2, ECF No. 48.

    Granting the motion, the court lifted the stay in this case and ordered "that the case is remanded to Commerce to reconsider its determinations in the Final Results and the accompanying Final IDM, in light of the remand results of *Global Aluminum* and *H&E Home*, and, if appropriate, to reopen the record and to seek additional information and submissions as needed." Order at 4 (Nov. 6, 2024), ECF No. 49. A remand proceeding thus commenced, and Commerce's Remand Results are now before the court.

---

    In *Global Aluminum*, the Court sustained [Customs'] remand redetermination, which found that there "was not substantial evidence to support a finding of evasion" by Kingtom. Likewise, in *H&E Home*, the Court sustained [Customs'] remand redetermination, which found that "substantial evidence on the record as a whole does not support a finding of evasion" by Kingtom.

Remand Results at 5.

## DISCUSSION

"The court shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). On remand, Commerce found that Kingtom had no shipments of subject merchandise during the POR:

> In the *Initiation Notice* for this administrative review, we stated that parties that had "no exports, sales, or entries" of subject merchandise during the POR must notify Commerce. Kingtom timely submitted a No Shipments Letter in response. Thereafter, Commerce followed its standard practice in cases where a party submits a statement of no shipments and Commerce issued instructions to Customs requesting data on any POR entries by the company in question. In verifying Kingtom's No Shipments Letter in this manner, we found that Kingtom's POR entries were classified as type 03. Now, however, with no finding of evasion, the basis for [Customs'] recategorization of Kingtom's POR entries as type 03 no longer exists. Absent the finding of evasion and [Customs'] recategorization of Kingtom's POR entries as type 03, we find that the basis for finding that Kingtom had POR entries of subject merchandise also no longer exists. Consequently, we accept Kingtom's No Shipments Letter and find for these final results of redetermination that Kingtom had no shipments of subject merchandise during the POR.

Remand Results at 5-6.

Because Kingtom had no shipments of subject merchandise during the POR, Commerce determined that it would rescind the 2019 administrative review of the Antidumping Duty Order with respect to Kingtom:

> Upon a final and conclusive decision in this litigation, as appropriate, Commerce will publish in the *Federal Register* a notice of amended final results stating that, since there are no reviewable entries during the POR by Kingtom, the 2019-2020 administrative review of the [antidumping duty] order on aluminum extrusions from China is rescinded with regard to Kingtom. Commerce will issue appropriate instructions to [Customs] consistent with these final results of redetermination.

*Id.* at 6.

Commerce's remand findings are uncontested. Indeed, neither Kingtom nor the Consolidated Plaintiffs have filed comments on the Remand Results. *See* Letter to Court from Pl.

Kingtom Aluminio S.r.L. (May 15, 2025), ECF No. 58 (indicating no comments on Remand Results); Letter to Court from Consol. Pls. Industrias Feliciano Aluminum, Inc.; JL Trading Corp.; Puertas y Ventanas; and J.M., Inc. (May 16, 2025), ECF No. 59 (same).

For its part, Defendant-Intervenor The Aluminum Extrusions Fair Trade Committee "takes no position" on the Remand Results. *See* Def.-Int.'s Cmts. at 2, ECF No. 52. Defendant the United States ("Defendant") asks the court to sustain the uncontested Remand Results. Def.'s Cmts., ECF No. 53.

The court finds that Commerce complied with the court's remand instruction "to reconsider its determinations in the Final Results and the accompanying Final IDM, in light of the remand results of *Global Aluminum* and *H&E Home*, and, if appropriate, to reopen the record and to seek additional information and submissions as needed." Order (Nov. 6, 2024), ECF No. 49. Commerce found that it was not necessary to reopen the record "because all necessary information already exists on the underlying record of this proceeding." Remand Results at 5. In particular, Kingtom's statement that it made no shipments of subject merchandise supports Commerce's finding that Kingtom had no reviewable entries of subject merchandise during the POR. That being the case, Commerce's determination to rescind the 2019 administrative review of the Antidumping Duty Order with respect to Kingtom is supported by substantial evidence and otherwise in accordance with law. There being no further issue for the court to adjudicate, the Remand Results are sustained.

## CONCLUSION

Based on the foregoing reasons, the Remand Results are sustained.

Judgment will be entered accordingly.

Dated:  July 9, 2025                                                       /s/ Richard K. Eaton
       New York, New York                                                        Judge